IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES W. JAHNSSEN, # S-11063,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-958-JPG |
| | ) |
| **STATE of ILLINOIS,** | ) |
| **DEPARTMENT of CORRECTION,** | ) |
| **and KAREN KIRSHKE,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Big Muddy River Correctional Center ("BMRCC"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a ten-year sentence for aggravated criminal sexual abuse. Plaintiff claims that Defendant Kirschke has prevented him from participating in the Sex Offender Program at BMRCC.

In his complaint, Plaintiff states that around April 1, 2012, Defendant Kirshke, who is the Director of the Sex Offender Program ("SOP") at BMRCC, violated his rights to attend the SOP (Doc. 1, p. 5). It is not clear whether Plaintiff had already been participating in the SOP prior to that date and was kicked out of the program, or whether he was denied entry into the SOP altogether. In any event, he claims that Defendant Kirshke "would not allow [him] to attend" the SOP, based on an alleged report to her by a substance abuse counselor that Plaintiff had engaged in negative behavior.

Upon learning this, Plaintiff questioned the Substance Abuse Director (Marsha Woods, who is not a Defendant herein). She told him that no negative behavior on his part had been

reported to Defendant Kirshke. Plaintiff claims Defendant Kirshke was wrong for using hearsay to deny him the chance to get help in the SOP.

Further, Defendant Kirshke made a written recommendation that Plaintiff should enroll in the SOP at a different prison. Plaintiff requested four times to transfer to another facility that offered the SOP, but his transfer requests were denied. He finally gave up on seeking a transfer. He decries his situation as "a dirty shame to stop people from getting help when they really wanted it and needed it" (Doc. 1, p. 5). Plaintiff seeks compensatory damages for his exclusion from the program.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

After fully considering the allegations in Plaintiff's complaint, the Court concludes that

this action is subject to summary dismissal, for failure to state a constitutional claim upon which relief may be granted.

It is well settled that prisoners have no property or liberty interest in attending educational, vocational, or rehabilitative courses while in prison, and institutions are not constitutionally required to provide these programs to inmates. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000) (prisoner had no 14th Amendment due process claim for being transferred to a prison where he could no longer enroll in programs that might earn him earlier release); *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982), *cert. denied* 459 U.S. 1150 (1983). The Seventh Circuit has specifically held that inmates have no constitutional right to enroll in a sex offender treatment program. *Stanley v. Litscher*, 213 F.3d 340, 342 (7th Cir. 2000). "No fixed set of criteria entitles anyone to admission, and exclusion [from the SOP] leaves the prisoner with the normal attributes of confinement." *Id*. (citing *Sandin v. Conner*, 515 U.S. 472 (1995); *Meachum v. Fano*, 427 U.S. 215 (1976); *Wallace v. Robinson*, 940 F.2d 243 (7th Cir. 1991) (en banc); *Higgason*, 83 F.3d 807). Consequently, although it is indeed unfortunate that Plaintiff was excluded from a program that might have helped him, under the above legal precedent he has no valid constitutional claim against Defendant Kirshke for preventing him from participating in the SOP. For this reason, his suit must be dismissed pursuant to 28 U.S.C. § 1915A.

Furthermore, Plaintiff has no constitutional right to be transferred to another prison where his desired rehabilitative program would be available. "[P]risoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). *See also Meachum v. Fano*, 427 U.S. 215, 224

(1976) (the Constitution does not guarantee placement in a particular prison). In other words, prison officials may transfer, or deny a transfer, to any inmate without violating the Constitution.[1]

Finally, the Court notes that although Plaintiff named the "State of Illinois" and the "Department of Correction" as Defendants in the caption of his case, he made no further reference to any wrongdoing by either entity in the body of his complaint. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual or entity. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Moreover, even if Plaintiff had included specific allegations against the State or the Department of Corrections, he still could not maintain an action for damages against either Defendant. A civil rights case seeking damages under § 1983 cannot proceed against a state or its agencies or departments. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).

To summarize, Plaintiff's allegations do not indicate that Defendant Kirshke violated any constitutional right when she refused to allow Plaintiff to participate in the SOP. Further, he states no cognizable claim against the State of Illinois or the Department of Correction. This action is subject to summary dismissal.

---

[1] The exception to this rule would be where an inmate is transferred or denied a transfer in retaliation for some protected First Amendment activity. *See, e.g.*, *Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (retaliatory transfer of a prisoner); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory delay in transferring prisoner). Plaintiff's complaint herein does not suggest that any retaliation occurred in his case.

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. All Defendants are **DISMISSED** from this action with prejudice. All pending motions are **DENIED AS MOOT.**

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[2] may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 24, 2014**

*s/J. Phil Gilbert*
United States District Judge
